Argued December 17, reversed December 31, 1958, petition
for rehearing denied February 18, 1959

# WHEATLEY v. CARL M. HALVORSON, INC., ET AL
# WHEATLEY v. HALVORSON CONTRACTING
# CORPORATION

333 P. 2d 739
335 P. 2d 398

*Paul Gerhardt,* Portland, argued the cause for
appellants. On the briefs were William B. Adams
and Ferris F. Boothe, Portland.

*Leo Levenson,* Portland, argued the cause for respondent. On the brief were Norman B. Kobin and Melvyn C. Friendly, Portland.

Before Lusk, Presiding Justice, and Rossman, Warner and Sloan, Justices.

LUSK, J.

These are two actions (consolidated for trial in the circuit court and here) commenced by the plaintiff, William W. Wheatley, to recover the reasonable value of services alleged to have been rendered by him for the defendants. In the one case, the defendants are Carl M. Halvorson, Inc., an Oregon corporation, and H. Halvorson, Inc., a Washington corporation. In the other, the sole defendant is Halvorson Contracting Corporation, an Oregon corporation, hereinafter called the "Contracting Company." Plaintiff recovered judgments in both cases, and the defendants have appealed.

In the case against the two defendants, the services are alleged to have been rendered during the years 1950, 1951 and 1952. The plaintiff is a bookkeeper who became an employee of Carl M. Halvorson, Inc., a contracting firm, in 1947 at a salary of $75.00 a week for a 40-hour week plus $15.00 a month travel expense allowance, and continued in such capacity until May, 1953. During the years 1950 to 1953, that corporation and H. Halvorson, Inc., were engaged as joint adventurers in the construction of a radar station at Condon, Oregon, for the United States Army. The plaintiff's claim is for services rendered to the joint adventure.

In the case against the Contracting Company, the services are alleged to have been rendered by the

plaintiff to that corporation during the years 1949-1953, both inclusive. This corporation was organized about 1949 by the owners of Carl M. Halvorson, Inc., for the purpose of holding title to some of the equipment used by the latter and which was rented by it from the Contracting Company.

All the services for which the plaintiff claims compensation in both cases were rendered by him in the office of Carl M. Halvorson, Inc., and the Contracting Company at 218 Builders Exchange Building, Portland, Oregon, and all were of the same general character as those which he was employed to render.

Defendants in both cases assign as error the court's denial of their motions for a directed verdict. We are of the opinion that the question is controlled by our decision in *Wheatley v. Halvorson,* 213 Or 228, 323 P2d 49. There the same plaintiff sued to recover the reasonable value of services rendered to Carl M. Halvorson, Inc., H. Halvorson, Inc., and Halvorson Construction Company, Inc., a Washington corporation, and a co-partnership composed of two individuals. The services were alleged to have been rendered during the years 1951, 1952, and 1953. The three corporations, two of which are defendants in one of the cases now before us, and the co-partners, who were members of the Halvorson family, were sued as members of a joint adventure engaged in construction of the Tecolote Tunnel. The jury returned a verdict for the plaintiff against Carl M. Halvorson, Inc., alone. This court, in an opinion by Mr. Justice BRAND, reversed for two reasons. First, the liability, if any, of partners or joint adventurers being joint not several, the judgment must be for or against all of them (a question not here involved). Second, the law presumes that all the services ren-

dered by an employee, during the period for which he is employed, of a nature similar to those required of him in the course of his regular duties are paid for by his salary, and to overcome this presumption he must show an express agreement for extra services. The evidence showed the similarity of the services, and there was no such express agreement. We concluded: "Under the circumstances of this case, we hold that in the absence of an express agreement therefor, plaintiff was not entitled to extra compensation."

There is no difference of substance between the present cases and the former case. These are likewise actions on implied contracts and no express agreement for extra services is shown. The testimony as to the terms of plaintiff's employment, his duties thereunder, the nature of the services, the failure of the plaintiff as bookkeeper to enter on the books any charges for extra services, his failure to make a claim therefor until approximately two months after his employment had terminated, the generous bonuses he received from his employer—all is of the same general character as in the previous case. The only factual difference is that the Contracting Company was not a joint adventurer with the other corporations, but a mere adjunct of Carl M. Halvorson, Inc., organized for tax purposes—a difference not material upon the question of the plaintiff's right to extra compensation.

The circuit court erred in denying the motions for directed verdicts, and the judgments are reversed.

400

On Respondent's Petition for Rehearing

Norman B. Kobin and Leo Levenson, Portland, for the petition.

Paul Gerhardt, Portland, contra.

Before Lusk, Presiding Justice, and Rossman, Warner and Sloan, Justices.

LUSK, J.

The petitioner argues that the case of *Wheatley v. Carl Halvorson, Inc.*, 213 Or 228, 323 P2d 49, does

not control the decision here because the corporation which employed the plaintiff under an express contract, to-wit, Carl M. Halvorson, Inc., was not sued as such but as a member of a joint adventure, and plaintiff's claims are against the joint adventure and Halvorson Contracting Corporation, not against his employer, Carl M. Halvorson, Inc. Therefore, it is said that the rule of law which precludes recovery of compensation on implied contract by an employee from his employer for extra services of a similar nature to those rendered under his contract of employment, is without application.

■ That may be true, though the fact that the services for which compensation is claimed were of the same nature as those which the plaintiff was employed by Carl M. Halvorson, Inc. to perform certainly has an important bearing on the question whether the plaintiff made a case sufficient for submission to the jury. In the case of *Wheatley v. Carl Halvorson, Inc.*, supra, we held not only that the judgment must be reversed because the defendants were sued jointly as members of a joint adventure, while the jury returned a verdict against but one of them, but we went further and determined that the evidence failed to show that the plaintiff's proof was sufficient as against any of the defendants, either jointly or separately. We said, at page 251:

"* * * Plaintiffs right to claim extra compensation from Carl M. Halvorson [Inc.] as his sole employer *or from the partnership* is, under the facts of this case, foreclosed by the contemporaneous construction which both parties and particularly the plaintiff placed upon the transaction." (Italics added)

In all relevant, substantial particulars, the facts here are the same as in the former case. If it should

be said that the statement which we have quoted was unnecessary to the decision, a sufficient answer is that it was based upon a thorough and minute examination of the testimony, as the opinion of Mr. Justice BRAND discloses, and was made with due regard to the effect of the language used. We may add that whether applied to that case or to the present one, it is, in our opinion, a correct statement.

The petition for rehearing is denied.